NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHAMAL KHERIDDEN,<br><br>         Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>         Defendants. | CIVIL NO. 06-4792 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

Plaintiff Khamal Kheridden ("Plaintiff" or "Kheridden") filed this civil action seeking to expedite the adjudication of his naturalization application. This matter is before the Court on Plaintiff's Petition for Hearing on Naturalization Application Under 8 U.S.C. § 1447(b) [docket #1], and the Defendants' response to the Court's December 26, 2006 Order to Show Cause [docket #4]. In response to the order to show cause, and on behalf of all Defendants,[1] the United States filed a Motion to Dismiss or Remand [docket #8] on February 13, 2007. Having reviewed the submissions of the parties, and for the reasons stated below, the Court **DENIES** in part and **GRANTS** in part the Petition for Hearing on Naturalization Application; **DISCHARGES** the Order to Show

---

[1] The Defendants in this case are Michael Chertoff, Secretary of the Department of Homeland Security; Emilio Gonzales, Director of United States Citizenship and Immigration Services; Andrea Quarantillo, District Director for the Newark District of United States Citizenship and Immigration Services; and Robert Mueller, Director of the Federal Bureau of Investigation.

Cause; and **DENIES** in part and **GRANTS** in part Defendants' Motion to Dismiss or Remand.

I.     **Factual and Procedural Background**

Plaintiff Khamal Kheridden is a lawful permanent resident of the United States who filed an application for naturalization, a Form N-400, with the United States Citizen and Immigration Services ("CIS") on September 7, 2001. Shortly after, as part of the required background check performed on all naturalization applicants, CIS forwarded to the Federal Bureau of Investigation ("FBI") a "name check" for Kheridden. CIS interviewed Plaintiff in New York City on November 19, 2002. At that interview, Kheridden passed the English language proficiency test and demonstrated his knowledge of United States history and government. On August 8, 2003; January 4, 2005; October 21, 2005; and March 9, 2006, Kheridden requested information on the status of his case. Each time he was informed by CIS that it could not move forward on his case until the FBI completed its background check.

On October 5, 2005, over four years after submitting his application for naturalization, Kheridden filed this Petition for Hearing on Naturalization Application Under 8 U.S.C. § 1447. Kheridden requests that this Court grant him a hearing before this Court on his naturalization application and declare that he is entitled to be naturalized; order Defendants to grant or deny his naturalization application forthwith; and grant him any further relief that this Court may deem proper. On December 26, 2006, this Court issued an Order to Show Cause, requesting that "Defendants ... show cause in writing ... why a determination on Plaintiff's application for naturalization has not yet been made." On February 13, 2007, Defendants responded by filing a Motion to

Dismiss or Remand. Defendants argue that this case should either be dismissed for lack of jurisdiction or remanded to CIS for determination on Plaintiff's application.

## II. Naturalization Statutory Scheme

A lawful permanent resident alien is eligible for naturalization as a United States citizen if he (1) satisfies the five-year statutory residency requirement; (2) has resided continuously in the United States from the date of application to the time of admission as a citizen; and (3) is of good moral character. 8 U.S.C. § 1427(a). The applicant must file a application for naturalization, called a form N-400. 8 U.S.C. § 1445(a); 8 C.F.R. 334.2. CIS must then conduct a background investigation, including a review of all pertinent immigration and police records and a neighborhood investigation. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. Lastly, the applicant must be interviewed by an examiner. 8 U.S.C. § 1446(d). During this interview the applicant must successfully complete testing with regard to the statutory requirements of English proficiency and knowledge of United States history and government. 8 U.S.C. § 1423(a).

In 1997, Congress began to require a criminal background investigation of all applicants for naturalization:

> [D]uring fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997.

Dep'ts of Comm, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. L. No. 105-119, 111 Stat. 2448.  In response, CIS adopted a regulation requiring that an initial examination on an applicant's naturalization application occur only after the CIS has received a definitive response from the FBI that a full criminal background check, called the name check, has been completed.[2]  8 C.F.R. § 335.2(b).

### III.    Jurisdiction

The Defendants have moved to dismiss Plaintiff's petition, under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.  Plaintiff bears the burden of establishing subject matter jurisdiction.  See, e.g., Lucas v. Gulf & W. Indus., Inc., 666 F.2d 800, 805 (3d Cir. 1981) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178 (1936)).  Plaintiff argues that jurisdiction is granted by the Immigration and Nationality Act of 1990, 8 U.S.C. § 1447(b) ("Section 1447(b)"), which provides:

> If there is a failure to make a determination under section 335 [8 USCS § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

---

[2] Had CIS followed the plain language of this regulation, and waited to conduct Kheridden's interview until after the completion of the background investigation, it would not find itself in litigation before this Court.

-4-

Whether or not this Court has jurisdiction hinges upon the statutory meaning of the term "examination" in Section 1447(b). Plaintiff argues that this Court has subject matter jurisdiction under Section 1447(b) because his November 19, 2002 interview by CIS constituted the statutory "examination" and over 120 days have passed since that interview. Defendants argue that the term "examination," as used in Section1447(b), refers to an ongoing process that includes the initial interview of an applicant by CIS, the mandatory background investigation of the applicant, as well as any additional means by which CIS gathers information about an applicant for citizenship. Thus, in the view of the Defendants, the 120-day period does not begin to run until the initial interview of the applicant and the mandatory background checks, including the FBI name check, have been completed. Because Kheridden filed his petition for a hearing before the FBI completed the name check, Defendants contend that this Court lacks jurisdiction to consider his petition.

Defendants rely primarily on Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005). In that case, the court held that "an examination is not a single event, but instead is essentially a process the agency follows to gather information concerning the applicant." Danilov, 370 F. Supp. 2d at 443. As a result, the court found that the interview of the plaintiff did not end the statutorily-required "examination" and therefore did not trigger the running of the 120-day period. Id. at 444. The court concluded that "since the statutory 120-day period has not yet expired, the conclusion compelled by the instant facts is that there is no subject matter jurisdiction to entertain plaintiff's action at this time." Id. at 445.

Most district courts addressing the issue have rejected the reasoning set forth in Danilov, and have determined that the term "examination" refers to a specific event, the applicant's interview by CIS, rather than an ongoing process.  See, e.g., Al-Ashwan v. Chertoff, No. 4:06CV01303, 2007 U.S. Dist. LEXIS 8677 (E.D. Mo. Feb. 7, 2007); Manzoor v. Chertoff, No. 2:06cv455, 2007 U.S. Dist. LEXIS 8068, 2007 WL 413227 (E.D. Va. Feb. 5, 2007); Astafieva v. Gonzales, No. C 06-04820, 2007 U.S. Dist. LEXIS 5906, 2007 WL 120852 (N.D. Ca. Jan. 11, 2007); Khan v. Chertoff, No. CV-05-00560, 2006 U.S. Dist. LEXIS 48937, 2006 WL 2009055 (D. Ariz. July 14, 2006); Khelifa v. Chertoff, 433 F. Supp. 2d 836 (E.D. Mich. 2006); Meyersiek v. U.S. Citizenship & Immigration Serv., No. CA 05-398, 2006 U.S. Dist. LEXIS 37255, 2006 WL 1582397 (D.R.I. June 6, 2006); Daami v. Gonzales, No. 05-3667, 2006 U.S. Dist. LEXIS 37539, 2006 WL 1457862 (D.N.J. May 22, 2006); Al-Kudsi v. Gonzales, No. CV.05-1584, 2006 U.S. Dist. LEXIS 16761, 2006 WL 752556 (D. Or. Mar. 22, 2006); Shalan v. Chertoff, No. 05-10980, 2006 U.S. Dist. LEXIS 253, 2006 WL 42143 (D. Mass. Jan. 6, 2006); Essa v. U.S. Citizenship & Immigration Servs., No. 05-1449 (DSD/JJG), 2005 U.S. Dist. LEXIS 38803, 2005 WL 3440827 (D. Minn. Dec. 14, 2005); El-Daour v. Chertoff, 417 F. Supp. 2d 679 (W.D. Pa. 2005).  This majority interpretation is persuasive for a number of reasons.

First, the language of Section 1447(b) itself suggests that an examination is a distinct, single event, and not an ongoing process which encompasses the interview as well as the background investigation.  See, e.g., Ji v. Gonzales, No. 06-1174, 2006 U.S. Dist. LEXIS 85925 (Nov. 28, 2006 E.D. Mo.).  8 U.S.C. § 1447(b) gives a district court jurisdiction over a naturalization case "[i]if there is a failure to make a determination [on

the application] before the end of the 120-day period after <u>the date</u> on which the examination <u>is conducted</u>." (emphasis added).  The implication of this language is that the "examination" occurs on a "particular, identifiable date."  <u>Ji</u>, 2006 U.S. Dist. LEXIS 85925 at *12 (quoting <u>El-Daour</u>, 417 F. Supp. 2d at 681).  Further, the 120-day adjudication time period would be meaningless if the "examination" were an ongoing process, as there would be no "date" upon which the examination is "conducted."  <u>Id.</u> at *12.

Second, the statutory scheme describing the naturalization process uses two distinct words, "examination" and "investigation," to discuss the steps of the naturalization process.  8 U.S.C. § 1446(a) addresses the "investigation" of the applicant, while 8 U.S.C. § 1446(b) addresses the "examination."  Use of these distinct terms and discussion of these terms in separate sections of the statute indicates that "examination" and "investigation" are not one continuous event, but instead separate and distinct events.  <u>Daami</u>, 2006 U.S. Dist. LEXIS 37539 at *16.  In addition, 8 U.S.C. § 1446 further differentiates between the two.  Whereas an "examination" must be conducted by an employee of CIS designated by the Attorney General, an "investigation" may be conducted by an employee of CIS or an employee of the United States designated by the Attorney General.  <u>See</u> 8 U.S.C. § 1446.  Interpreting the word "examination" as a process, rather than a specific event occurring on a specific date, does not comport with the plain language of the statute.

Third, CIS's own regulations indicate a difference between the "examination" and the "investigation," weakening the argument that the "examination" includes the criminal background check.  For example, 8 C.F.R. § 335.2(b) is entitled "Completion of criminal

-7-

background checks before examination," and specifically states that the FBI background check must be completed before the applicant is notified to appear for his or her "examination on the naturalization application." See also Daami, 2006 U.S. Dist. LEXIS 37539 at *17.  Another section of the CFR states: "A decision to grant or deny the application shall be made at the time of the initial examination of the applicant for naturalization under § 335.2." 8 C.F.R. § 335.3(a).  The plain language of this section instructs CIS that the 120 day period begins to run after the initial examination, and not after the conclusion of the entire examination process.  Another regulation uses the terms "interview" and "examination" interchangeably:

> If an applicant who receives notice of the second scheduled examination date fails to appear without good cause for that second examination without prior notification to the Service, the applicant will be deemed to have failed this second examination. Before an applicant may request a postponement of the second examination to a date that is more than 90 days after the initial examination, the applicant must agree in writing to waive the requirement under [8 U.S.C. § 1447(b)] that the Service must render a determination on the application within 120 days from the initial interview, and instead to permit the Service to render a decision within 120 days from the second interview.

8 C.F.R. § 312.5(b).  It is clear from the plain language of these regulations that the term "examination" in 8 U.S.C. § 1447(b) means the initial interview of the applicant by CIS, and does not include the background checks conducted by the FBI.

Based on the above stated reasons, this Court joins the majority of district courts and holds that the "examination" to which Section 1447(b) refers occurs when the

applicant is interviewed by the CIS.  Kheridden was interviewed by CIS on November 19, 2002, triggering the start of the 120-day period.  Over 1400 days elapsed between the date of Kheridden's interview and the filing of his petition on October 5, 2006.  This over three year period well exceeds the 120-day time limit required under Section 1447(b).  Therefore, because over 120 days elapsed since Plaintiff's "examination," this Court has subject matter jurisdiction over the issues raised in Plaintiff's Petition for Hearing on Naturalization Application Under 8 U.S.C. § 1447(b).  As such, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

**IV.     Remedy**

The issue now becomes what remedy a district court should provide when a naturalization application has been pending for more than 120 days since the applicant's interview.  Section 1447(b) provides that the district court has discretion to "either determine the matter or remand the matter [to CIS], with appropriate instructions."  8 U.S.C. § 1447(b).  Plaintiff has requested that this Court grant Plaintiff a hearing on his naturalization application and make a final determination on the application for naturalization.  The Defendants have argued that this Court should decline to adjudicate Plaintiff's application and remand to CIS without instruction.

Like other district courts which have addressed this situation, this Court finds itself unable and unwilling to adjudicate the application for naturalization for the very reason that CIS has been precluded from making a final decision– the FBI background check has not been completed.  See, e.g., Essa, 2005 U.S. Dist. LEXIS 38803 at *6.  The statute clearly provides that before an applicant can be naturalized, a background investigation much be completed.  8 U.S.C. § 1446(a).  However, this court is "not

equipped, nor qualified for that matter, to conduct a criminal background investigation" itself.  El Daour, 417 F. Supp. 2d at 680.  Further, to adjudicate Plaintiff's application without completion of the criminal background check would contravene Congress's intent that an FBI background check be completed prior to the adjudication of every naturalization application.  See, e.g., Essa, 2005 U.S. Dist. LEXIS 38803, at *8.

Nevertheless, this Court is disturbed by the possibility that a determination on Plaintiff's naturalization application will be endlessly delayed.  Plaintiff certainly has an interest in "complet[ing] the naturalization process so that he can fully enjoy the benefits of United States citizenship."  El-Daour, 417 F. Supp. 2d at 683.  Because the background check has now been pending for over four years, remand to CIS without instructions is not appropriate.

Considering both the Government's interest in public safety and national security and Plaintiff's individual interest in having his naturalization application adjudicated, this Court remands this case with the direction that CIS use its best efforts to determine the status of Plaintiff's name check and to expedite this process.  Until CIS receives the results of the FBI name check, the Defendants are directed to report to this Court, every 30 days, the status of Kheridden's name check and Defendants' efforts to obtain the results of the name check, including correspondence and any other relevant documents.  Once CIS receives the results of the name check, it is directed to make a decision on Plaintiff's naturalization application as expeditiously as possible, but no later than sixty days after receipt of the name check results.  The Court will retain jurisdiction to consider alternative remedies shall these efforts prove to be fruitless.

V.     **Conclusion**

For these reasons, the Order to Show Cause is **DISCHARGED**.  Plaintiff's petition for hearing on naturalization application under Section 1447(b) is **GRANTED** in part and **DENIED** in part.  Insofar as Plaintiff requested this Court grant Plaintiff a hearing on his naturalization application and adjudicate such application, the petition is **DENIED**.  Insofar as Plaintiff requests an Order requiring Defendants to expeditiously grant or deny his naturalization application and insofar as Plaintiff requests any appropriate further relief, his petition is **GRANTED**.  The Defendants' motion to dismiss or remand is **GRANTED** in part and **DENIED** in part.  The Defendants' motion to dismiss for lack of jurisdiction is **DENIED**.  The Defendants' motion to remand is **GRANTED**, with the direction that CIS use its best efforts to determine the status of Plaintiff's name check and to expedite this process.  Until the results of the FBI name check are received by CIS, the Defendants are directed to report to this Court, every 30 days, the status of Kheridden's name check and Defendants' efforts to obtain the results of the name check, including correspondence and any other relevant documents.  Once CIS receives the completed name check, it is directed to make a decision on Plaintiff's naturalization application as expeditiously as possible, but no later than sixty days after receipt of the name check results.  CIS shall notify this Court as soon as a determination has been made on Plaintiff's naturalization application.  The Court will retain jurisdiction to consider alternative remedies shall these efforts prove to be fruitless.

        /s/ Stanley R. Chesler

Stanley R. Chesler, U.S.D.J.

Dated: February 27, 2007